**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MARGARITA DURAN,<br><br>    Plaintiff,<br><br>v.<br><br>WESTERN UNITED INSURANCE COMPANY, et al.,<br><br>    Defendant. | 2:11-cv-00935-RCJ-RJJ<br><br>**ORDER**<br><br>Defendant's Motion to Strike Paragraph 7 of Plaintiff's Complaint (#4) |

This matter comes before the Court on Defendant's Motion to Strike Paragraph 7 of Plaintiff's Complaint (#4). No response was filed by the Plaintiff.

## BACKGROUND

Plaintiff, Margarita Duran (Duran), is suing Defendant, Western United Insurance Company (WUIC), for breach of contract regarding an under-insured motorist (UIM) claim filed by Duran after being involved in an accident. In her complaint, Duran included Doe and Roe Defendants. WUIC now moves the court to strike such references as immaterial and impertinent pursuant to FED. R. CIV. P. 12(f). Essentially, WUIC argues that the federal rules do not allow a plaintiff to include uncertain Doe or Roe defendants in its complaint.

## ANALYSIS

In the Ninth Circuit, naming Doe defendants is generally not acceptable. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). *Gillespie* does offer an exception for "situations ... where the identity of alleged defendants will not be known prior to the filing of a complaint." *Id*. "In such circumstances," Doe defendants are allowed so that the plaintiff can seek to identify

1  them in discovery. *Id.* Doe defendants are not allowed in those circumstances when "it is clear
2  that the discovery would not uncover the identities, or that the complaint would be dismissed on
3  other grounds." *Id.*

4        The Ninth Circuit has only applied the *Gillespie* exception in situations where plaintiffs
5  were seeking to identify law enforcement officers, and only when the discovery process would
6  almost certainly identify the Doe defendant. *E.g.*, *Vohra v. County of Orange*, 288 Fed.Appx.
7  395, 396 (9th Cir. 2008) (enabling plaintiff to sue Doe defendants and use discovery to identify
8  Doe defendants who allegedly arrested and detained plaintiff unlawfully); *Harter v. Budge*, 119
9  Fed.Appx. 96, 97 (9th Cir. 2004) (inmate allowed to sue Does and use discovery to identify
10 prison guards on duty while inmate was beaten); *Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir.
11 1999) (permitting inmate to sue initially unnamed prison officer).

12       In the present case, Duran believes that other persons or business entities may have made
13 some of the determinations relevant to Duran's UIM claim. Duran's circumstances are not
14 comparable to cases where courts have applied the *Gillespie* exception, because in those cases
15 the existence of the Doe defendants was certain, only their identity was unknown. Here, Duran
16 does not even know whether Doe defendants actually exist.

17       Duran names Doe and Roe defendants unnecessarily. Excluding defendants that may not
18 even exist does not prejudice Duran from naming them later should their identities become
19 known. If it becomes necessary for Duran to add defendants, the federal rules provide a
20 mechanism by which that may be accomplished. The rules and procedure for amending a
21 complaint are not affected by including Doe or Roe defendants. *See*, *e.g.*, *Craig v. United States*,
22 413 F.2d 854, 855-56 (9th Cir. 1969) (holding that "[i]t is. . .immaterial, insofar as the
23 application of [FED. R. CIV. P. 15(c)] is concerned, whether fictitious defendants were named" in
24 the complaint, when rule 15(c) governs the amendment of the complaint).
25 ///
26 ///
27
28       2

## **CONCLUSION**

For good cause appearing therefore,

IT IS HEREBY ORDERED that WUIC's Motion to Strike Paragraph 7 of Plaintiff's Complaint (#4) is **GRANTED**. All references to Doe or Roe defendants shall be stricken from Plaintiff's Complaint.

DATED this   21st   day of July, 2011.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge

3